# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | ED CV 18-721-DSF (SP) | Date | April 13, 2018 |
|---|---|---|---|
| Title | Christopher Robert Lute v. People of the State of California, et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| n/a | n/a |

**Proceedings:** **(In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed**

On April 9, 2018, petitioner Christopher Robert Lute filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (the "Petition"), which actually seeks either a writ of mandamus against a California state court, or a stay of a state action. This court having reviewed the Petition, it appears the Petition is subject to dismissal because it asks the court to interfere with state court proceedings. Further, petitioner states that his matter is currently pending before the California Court of Appeal for review, which review could moot the instant federal Petition. The court will not make a final determination regarding whether the federal Petition should be dismissed, however, without giving petitioner an opportunity to address these issues.

Accordingly, the court hereby issues this **Order to Show Cause why the Petition should not be dismissed**, and specifically orders petitioner to respond to the Order to Show Cause in writing by no later than **May 4, 2018**. The court further directs petitioner to review the information that follows, which provides additional explanation as to why the federal Petition appears to be subject to dismissal and may assist petitioner in determining how to respond.

## The Court Lacks Jurisdiction to Issue a Writ of Mandamus over a State Court

While it is not entirely clear, the Petition appears primarily to request this court to issue a writ of mandamus against a California state court. The Petition states the Riverside County Superior Court denied petitioner's motions to compel discovery during pretrial proceedings in his still-pending criminal case. *See* Pet. at 2, 5; *see also id.* at 26-

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-721-DSF (SP) | Date | April 13, 2018 |
|---|---|---|---|
| Title | Christopher Robert Lute v. People of the State of California, et al. | | |

28, 38.  In one motion, petitioner sought to obtain discovery for his criminal defense relating to his underlying charge of alleged robbery in Palm Springs, California, including store invoices, fingerprint analyses, and cell phone data.  *See id.* at 31-36, 48-50.  In another, he sought discovery from the Riverside District Attorney's office of information relevant to his vindictive or selective prosecution claim.  *See id.* at 75-79.  The Petition appears to ask this court to grant petitioner's discovery requests, citing a violation of the Fourteenth Amendment Due Process Clause under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

To the extent petitioner asks the court to overturn the state court's denials of his discovery motions, the *Rooker-Feldman* doctrine bars the request.  The *Rooker-Feldman* doctrine, derived from two United States Supreme Court opinions, provides that federal district courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over state court decisions.  *See D.C. Ct. App. v. Feldman*, 460 U.S. 462, 482-86, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *Bennett v. Yoshina*, 140 F.3d 1218, 1223 (9th Cir. 1998) (as amended).  Review of state court decisions may be conducted only by the United States Supreme Court.  *See Feldman*, 460 U.S. at 476, 486; *Rooker*, 263 U.S. at 416; *see also* 28 U.S.C. § 1257.

The *Rooker-Feldman* doctrine applies even when the challenge to the state court decision involves federal constitutional issues.  *See Dubinka v. Judges of Sup. Ct.*, 23 F.3d 218, 221 (9th Cir. 1994) (citations omitted); *Worldwide Church of God v. McNair*, 805 F.2d 888, 891 (9th Cir. 1986); *see also Branson v. Nott*, 62 F.3d 287, 290-92 (9th Cir. 1995) (involving procedural due process challenge to state court proceedings).  The doctrine applies when a party seeks both to assert a legal wrong stemming from state court proceedings and to overturn the state court decision in an impermissible de facto appeal.  *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003).  While asserting violations of his constitutional rights, petitioner effectively asks for this court to rule on the decision of a state court judge to deny his motions to compel discovery, raising serious federalism concerns.  Accordingly, the court finds that it lacks subject matter jurisdiction over such a request, and thus cannot review the order.  The proper venue for such a challenge is in a state court with jurisdiction to hear appeals from the trial court.

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-721-DSF (SP) | Date | April 13, 2018 |
|---|---|---|---|

| Title | Christopher Robert Lute v. People of the State of California, et al. |
|---|---|

## The *Younger* Abstention Doctrine Requires This Court to Abstain from Staying the State Action

To the extent the Petition requests a stay of the pending state action, this court should abstain from this matter because petitioner's criminal case is still pending in the state courts. Though the court interprets the Petition to seek a writ of mandate as discussed above, petitioner also writes "stay requested" on the Petition. Pet. at 1; *see id.* at 19.

In *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), the Supreme Court held that a federal court was prohibited from enjoining a state criminal proceeding without a valid showing of "extraordinary circumstances" that warrant federal intervention. *Id.* at 43-54. *Younger* abstention principles apply to federal habeas proceedings. *See Brown v. Ahern*, 676 F.3d 899, 900-03 (9th Cir. 2012) (upholding dismissal of habeas petition seeking to raise speedy trial claim pretrial). Under the *Younger* abstention doctrine, federal courts may not stay or enjoin pending state criminal court proceedings, nor grant monetary damages for constitutional violations arising from them. *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986). *Younger* abstention is appropriate when: (1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the constitutional claims. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982); *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003). When the *Younger* elements are present, the federal court may exercise jurisdiction only when state proceedings are conducted in bad faith or an extraordinary circumstance exists. *Baffert*, 332 F.3d at 617.

Here, the *Younger* criteria are all present. First, petitioner acknowledges he is "[a]waiting trial" for his alleged offenses in violation of California Penal Code §§ 211, 12022(B)(1), 459.5, and 488. Pet. at 2; *see id.* at 70-74. Indeed, he alleges the state trial court denied petitioner's discovery request in a pre-trial proceeding. *Id.* at 2, 5. As such, the matter is not yet final, and state court proceedings are ongoing in the Riverside County Superior Court. *See Burton v. Stewart*, 549 U.S. 147, 156, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) ("'Final judgment in a criminal case means sentence. The sentence is the final judgment.'") (citation omitted). Second, California has an important interest in enforcing its criminal laws and the integrity of its criminal proceedings. *See Nichols v. Brown*, 945 F. Supp. 2d 1079, 1096 (C.D. Cal. 2013). Finally, petitioner may raise his

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-721-DSF (SP) | Date | April 13, 2018 |
|----------|----------------------|------|----------------|
| Title | Christopher Robert Lute v. People of the State of California, et al. | | |

discovery claims, or any corresponding constitutional claim, in state court. Therefore, the *Younger* abstention doctrine applies unless petitioner can show bad faith or an extraordinary circumstance.

Petitioner appears to suggest he suffered an extraordinary circumstance when his untimely petition to the California Supreme Court was denied. *See* Pet. at 3, 7. Petitioner filed a petition for writ of mandate with the California Court of Appeal on November 14, 2017, which that court denied on January 18, 2018. Pet. at 17-18, 19-24. Petitioner then submitted an untimely petition of some sort to the California Supreme Court, which was received on March 14, 2018. *See id.* at 15-16. Petitioner acknowledged the filing was untimely, but explained he was not at fault. Petitioner states his status as a pre-trial detainee restricted his ability to make necessary copies of the filing and his former private investigator refused to make such copies, though a new investigator later made the copies to serve the California Supreme Court. *Id.* at 3, 7; *see id.* at 15-16. The California Supreme Court denied petitioner's filing on March 22, 2018 due to lack of jurisdiction because it was untimely under California Rules of Court, rule 8.264. *Id.* at 14.

The facts petitioner recounts appear to fall far short of demonstrating an extraordinary circumstance that would warrant a federal court's interference in the state action. Moreover, as discussed above, under the *Rooker-Feldman* doctrine this court lacks jurisdiction to grant the primary relief petitioner seeks here. But if petitioner believes he is entitled to relief this court has the power to grant, he may respond to this order by further explaining why the *Younger* abstention doctrine should not apply. On this record, however, even if the court did not lack jurisdiction over this matter, it should abstain from interfering in the ongoing state criminal proceedings until they are finally concluded.

## State Action Pending That Could Moot Federal Petition

The court also notes that petitioner has an appeal still pending in the California Court of Appeal appearing to relate to non-discovery matters. *See* Pet. at 4-5, 8; *see id.* at 57. A pending state appeal or petition renders a federal habeas petition subject to dismissal even if the claim raised in the federal petition is different from the issue raised in a pending state appeal or petition. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) ("When . . . an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-721-DSF (SP) | Date | April 13, 2018 |
|----------|----------------------|------|----------------|
| Title | Christopher Robert Lute v. People of the State of California, et al. | | |

are exhausted, even where the issue to be challenged . . . has been finally settled in the state courts."); *see also Schnepp v. Oregon*, 333 F.2d 288, 288 (state remedies not exhausted where a state post-conviction proceeding is pending). This is because, "even if the federal constitutional question raised by the habeas corpus petitioner cannot be resolved in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question." *Sherwood*, 716 F.2d at 634 (citing *Davidson v. Klinger*, 411 F.2d 746, 747 (9th Cir. 1969) (per curiam)).

Here, the instant Petition states that an appeal is still pending in the California Court of Appeal. If it is correct that petitioner retains a pending state action which may moot or otherwise affect his alleged constitutional claims before this court, he must await the outcome of that action before presenting his claims in federal court. The federal Petition would therefore be subject to dismissal, unless petitioner requests and obtains a stay of this action. No stay would be warranted if the court lacks jurisdiction in any event, as appears to be the case here for the reasons discussed above.

### Petitioner's Options

The court has advised petitioner above why the Petition may be subject to dismissal, and allows petitioner an opportunity to respond. If petitioner contends: (1) this court in fact has jurisdiction to grant the relief he seeks, notwithstanding the *Rooker-Feldman* doctrine; (2) there is a reason why the *Younger* abstention doctrine should not apply here; and (3) in fact he does not currently have an appeal or petition pending for review that may moot his federal habeas Petition, he should clearly explain this in a written response. The written response must be filed on or before **May 4, 2018**. Petitioner should attach to his response copies of any documents establishing his arguments.

Petitioner may also request a voluntary dismissal of this action without prejudice under Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for petitioner's convenience.

**The court warns petitioner that failure to timely file and serve a response as directed in this order will result in a recommendation that this action be dismissed without prejudice for lack of jurisdiction, for failure to prosecute, and/or for failure**

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-721-DSF (SP) | Date | April 13, 2018 |
|----------|------------------------|------|----------------|
| Title | Christopher Robert Lute v. People of the State of California, et al. | | |

**to obey court orders.**