UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ROBERT LUTE,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>Respondents. | Case No. ED CV 18-721-DSF (SP)<br><br>**MEMORANDUM AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

**I.**

**INTRODUCTION**

On April 9, 2018, petitioner Christopher Robert Lute, a pretrial detainee currently housed at the Robert Presley Detention Center in Riverside, California, filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (the "Petition"). Petitioner appears to ask this Court to issue a writ of mandamus to overturn the denial of his discovery requests by the Riverside County Superior Court during pretrial proceedings in his still-pending state criminal case. *See* Pet. at 2, 5; *see also id.* at 26-28, 38. Alternatively, since the Petition states "stay requested," petitioner appears to request the Court to stay his

1

pending state criminal action. *See id.* at 1; *see also id.* at 19.

On April 13, 2018, the Court issued an Order to Show Cause ("OSC") to petitioner, requiring petitioner to show cause why the Petition should not be dismissed. Docket no. 3. In the OSC, the Court explained that it lacks jurisdiction to issue the requested writ of mandamus under the *Rooker-Feldman* doctrine, that the *Younger* abstention doctrine requires this Court to abstain from staying the state action, and that the pending state action in the California Court of Appeal could moot the Petition. On May 15, 2018, petitioner filed a Response to the OSC. Petitioner has failed to persuade this Court that it has jurisdiction over the Petition, and the Court must abstain from staying the state action in any event.

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases authorizes the Court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4 also authorizes dismissals on procedural grounds. *See* 28 U.S.C. foll. § 2254, Rule 4 Advisory Committee Notes (1976); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989). Here, the Petition must be dismissed because this Court lacks jurisdiction over the Petition, and the Court must abstain from interfering with the state court proceedings.

**A.    The Court Lacks Jurisdiction to Issue a Writ of Mandamus Over a State Court**

The Petition appears primarily to request this Court to issue a writ of mandamus against a California state court. The Petition states the Riverside County Superior Court denied petitioner's motions to compel discovery during pretrial proceedings in his still-pending criminal case. *See* Pet. at 2, 5; *see also id.* at 26-28, 38. In one motion, petitioner sought to obtain discovery for his

criminal defense relating to his underlying charge of alleged robbery in Palm Springs, California, including store invoices, fingerprint analyses, and cell phone data. *See id.* at 31-36, 48-50. In another, he sought discovery from the Riverside District Attorney's office of information relevant to his vindictive or selective prosecution claim. *See id.* at 75-79. The Petition effectively asks this Court to grant petitioner's discovery requests, citing a violation of the Fourteenth Amendment Due Process Clause under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

The *Rooker-Feldman* doctrine bars petitioner's request to overturn the state court's denials of his discovery motions. The *Rooker-Feldman* doctrine, derived from two United States Supreme Court opinions, provides that federal district courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over state court decisions. *See D.C. Ct. App. v. Feldman*, 460 U.S. 462, 482-86, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *Bennett v. Yoshina*, 140 F.3d 1218, 1223 (9th Cir. 1998) (as amended). Review of state court decisions may be conducted only by the United States Supreme Court. *See Feldman*, 460 U.S. at 476, 486; *Rooker*, 263 U.S. at 416; *see also* 28 U.S.C. § 1257.

The *Rooker-Feldman* doctrine applies even when the challenge to the state court decision involves federal constitutional issues. *See Dubinka v. Judges of Sup. Ct.*, 23 F.3d 218, 221 (9th Cir. 1994) (citations omitted); *Worldwide Church of God v. McNair*, 805 F.2d 888, 891 (9th Cir. 1986). The doctrine applies when a party seeks both to assert a legal wrong stemming from state court proceedings and to overturn the state court decision in an impermissible de facto appeal. *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003).

In his Response to the OSC, petitioner argues this Court may hear his appeal of the Superior Court's pretrial rulings under the collateral order doctrine.

Response at 2-4. Petitioner cites *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S. Ct. 1221, 93 L. Ed 1528 (1949), to support his argument; however, *Cohen* does not help him. In the context of considering the appealability of a non-final federal district court decision, *Cohen* held federal appellate courts may properly consider appeals of such dispositions that fall into "that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen*, 337 U.S. at 546. *Cohen* is inapplicable here since it does not concern whether a federal district court has jurisdiction to review non-final state court decisions, as petitioner suggests.

Even if *Cohen* applied, plaintiff's denied discovery requests during pretrial proceedings can hardly be described as collateral or separate from the merits of his criminal case. Indeed, plaintiff seeks the requested discovery – including store invoices and merchandise – as evidence to support his criminal defense that the prosecution and arresting officers acted in bad faith and fabricated evidence against him. *See* Response at 3-4; *see also* Pet. at 31-36, 48-50. While asserting violations of his constitutional rights, petitioner effectively asks this Court to review the decisions of a state court judge to deny petitioner's motions to compel discovery, raising serious federalism concerns.

Accordingly, the Court finds it lacks subject matter jurisdiction to grant petitioner's request, and cannot review the state court's orders. The proper venue for such a challenge is in a state court with jurisdiction to hear appeals from the trial court.

//

//

**B.** **The *Younger* Abstention Doctrine Requires This Court to Abstain from**

**Staying the State Action**

The Petition also appears to ask this Court to stay petitioner's pending state criminal case. In *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), the Supreme Court held that a federal court was prohibited from enjoining a state criminal proceeding without a valid showing of "extraordinary circumstances" that warrant federal intervention. *Id.* at 43-54. *Younger* abstention principles apply to federal habeas proceedings. *See Brown v. Ahern*, 676 F.3d 899, 900-03 (9th Cir. 2012) (upholding dismissal of habeas petition seeking to raise speedy trial claim pretrial). Under the *Younger* abstention doctrine, federal courts may not stay or enjoin pending state criminal court proceedings, nor grant monetary damages for constitutional violations arising from them. *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986).

*Younger* abstention is appropriate when: (1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise constitutional claims. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982); *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003). When the *Younger* elements are present, the federal court may exercise jurisdiction only when state proceedings are conducted in bad faith or an extraordinary circumstance exists. *Baffert*, 332 F.3d at 617.

Here, the *Younger* criteria are all present. First, petitioner acknowledges in his Petition he is "[a]waiting trial" for his alleged offenses in violation of California Penal Code §§ 211, 12022(b)(1), 459.5, and 488. Pet. at 2; *see id.* at 70-74. Indeed, petitioner alleges the state trial court denied his discovery request in a pretrial proceeding. *Id.* at 2, 5. As such, the matter is not yet final, and state court proceedings are ongoing in the Riverside County Superior Court. *See Burton v. Stewart*, 549 U.S. 147, 156, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) ("'Final

judgment in a criminal case means sentence. The sentence is the final judgment.'") (citation omitted). Second, California has an important interest in enforcing its criminal laws and the integrity of its criminal proceedings. *See Nichols v. Brown*, 945 F. Supp. 2d 1079, 1096 (C.D. Cal. 2013). Finally, petitioner may raise his discovery claims, or any corresponding constitutional claim, in state court, as he has already done. Therefore, the *Younger* abstention doctrine applies unless petitioner can show bad faith or an extraordinary circumstance.

In the Petition, petitioner suggests he suffered an extraordinary circumstance when he was unable to timely submit a petition to the California Supreme Court due to his pretrial detainee status that restricted his ability to make necessary copies, and because his former private investigator refused to make such copies. Pet. at 3, 7, 15-16. In his Response, petitioner again raises the issue of his inability to make copies, while also contending that prosecutors and officers engaged in bad faith collection, mishandling, and destruction of evidence. Response at 3-5. In support of his bad faith argument, petitioner states "[a]ll other evidence not allowed in trial as exhibits is stipulated to be destroyed" and a backpack has already been destroyed without copy of the procedure for destruction given to petitioner. *Id.* at 4.

The Court finds petitioner has failed to demonstrate either an extraordinary circumstance or bad faith exists that would warrant this federal Court's interference in the state action, even if the Court did not lack jurisdiction under the *Rooker-Feldman* doctrine. There is nothing extraordinary about petitioner's copying difficulties. And petitioner's allegations against the prosecution and law enforcement officers are largely conclusory and without factual support. While petitioner states a backpack has already been destroyed and other evidence will likewise follow if his discovery motions are not granted, nothing indicates that this would be improper or even material to petitioner's state case, let alone amount to

bad faith conduct.

Thus, even if the Court did not lack jurisdiction over this matter, it must abstain under *Younger* from interfering in the ongoing state criminal proceedings until they are finally concluded.

### III.
### **ORDER**

IT IS THEREFORE ORDERED that Judgment be entered summarily dismissing the Petition and this action with prejudice.

DATED: 5/30/18

_____
HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
SHERI PYM
United States Magistrate Judge